97 P.3d 483

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Christopher David GRIFFITH,
Defendant–Appellant.**

No. 29259.

Court of Appeals of Idaho.

June 22, 2004.

Nevin, Benjamin McKay, LLP, Boise, for appellant. Dennis Alan Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Chief Judge.

This appeal presents a question whether a trial court, having erroneously vacated a judgment of conviction pursuant to Idaho Code § 19–2604(1), possesses jurisdiction two years later to set aside that erroneous order. We hold that it does not.

**I.**

**FACTUAL AND PROCEDURAL
BACKGROUND**

This is a grand theft action that began in 1997 when Christopher David Griffith was charged with the offense. He pleaded guilty, and in August of 1997, he was granted a withheld judgment and placed on probation. In 1998, a report of probation violation was filed by Griffith's probation officer, and Griffith admitted to the violations. The district court continued Griffith's probation, however, with additional conditions. In February 2000, Griffith filed an application asking the district court to set aside his guilty plea and dismiss the action pursuant to I.C. § 19–2604(1). The application, signed by Griffith

and his probation officer, stated that Griffith had at all times complied with the terms and conditions of his probation. On April 10, 2000, the district court granted Griffith's application, entering an order that dismissed the grand theft case and restored Griffith's civil rights.

In 2002, Griffith was charged with first degree murder, and the State wished to use, in the murder trial, evidence of Griffith's guilty plea and withheld judgment in the grand theft case. The State therefore submitted in this grand theft action a document captioned "Brief in Support of Clerical Mistake" by which the State challenged the validity of the April 10, 2000 dismissal order. In response to the State's action, the district court conducted a hearing, and on November 5, 2002, three days prior to the commencement of Griffith's murder trial, the court set aside the April 10, 2000 order on the ground that it was illegal or void. Griffith now appeals, asserting that the district court lacked jurisdiction to vacate the April 2000 order more than two years after that order had dismissed this case.

## II.

### ANALYSIS

Idaho Code § 19–2604(1) authorizes a trial court to "set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant" if judgment has been withheld or the defendant's sentence has been suspended, and the defendant makes a satisfactory showing that he "has at all times complied with the terms and conditions upon which he was placed on probation." Relief under this statute is permissible only when the defendant has at all times strictly complied with probation terms. *State v. Schumacher,* 131 Idaho 484, 487, 959 P.2d 465, 468 (Ct.App. 1998). Therefore, it is undisputed that Griffith's 1998 probation violations disqualified him from section 19–2604 relief and that the April 10, 2000 order was entered in error. The issue presented is whether, in November

2002, the district court possessed jurisdiction to correct its error by revoking the April 2000 order.

Griffith contends that the district court's jurisdiction in this grand theft action terminated on May 23, 2000, when the period for appeal from the April 10 order expired. He relies upon *State v. Jakoski,* 139 Idaho 352, 79 P.3d 711 (2003), where the Idaho Supreme Court addressed the duration of a trial court's jurisdiction to consider post-judgment motions in a criminal case. The issue in *Jakoski* was whether a district court had jurisdiction to consider a defendant's motion to withdraw his guilty plea where the motion was filed six years after the judgment of conviction and more than three years after the district court had revoked the defendant's probation and ordered execution of his previously suspended sentence. The Supreme Court held that "[a]bsent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* at 355, 79 P.3d at 714. *See also State v. Johnson,* 75 Idaho 157, 269 P.2d 769 (1954). Because Jakoski did not appeal, the Court held, his judgment of conviction became final in January 1995, when the time for appeal expired.[1] Consequently, the district court had no jurisdiction to grant Jakoski's motion to withdraw his guilty plea. *Jakoski,* 139 Idaho at 355, 79 P.3d at 714. Griffith asserts that under the *Jakoski* rule, the district court's jurisdiction in this case ended on May 23, 2000, when the time for appeal from the April 10, 2000 order expired, and the November 5, 2002 order vacating the April 2000 dismissal order is therefore void.

In addressing this issue, we begin with consideration of the authority cited by the district court for its assertion of jurisdiction. The district court held that it possessed authority to vacate the April 2000 order under *Schumacher,* Idaho Criminal Rules 35 and 36, and Idaho Rule of Civil Procedure 60. We conclude, however, that none of these

---

1. A notice of appeal may be filed within forty-two days from the date of filing of a judgment of conviction. Idaho Appellate Rule 14(a).

authorities confers jurisdiction in the present circumstance. *Schumacher* stands for the proposition that a district court may not dismiss a case under I.C. § 19–2604(1) if the defendant did not fully comply with all the terms and conditions of probation. It does not address the duration of a court's jurisdiction to revisit a case where a dismissal order was incorrectly granted. Idaho Criminal Rule 35 confers authority for a trial court to correct an illegal sentence at any time, but the April 2000 order was not a sentence and therefore could not be corrected under this rule. Under I.C.R. 36, a court possesses authority to correct a clerical error in an order at any time, but the mistake in the instant case cannot be characterized as "clerical." Lastly, the district court relied upon I.R.C.P. 60. In so doing, the court incorrectly applied a rule of civil procedure to a criminal case, where the rule has no application. Accordingly, the authorities relied upon by the district court in asserting jurisdiction to vacate the April 2000 order are all inapposite.

The State argues, however, that the district court had the jurisdiction to revisit the April 2000 order under its inherent authority to set aside a judgment that was fraudulently obtained. The State asserts that Griffith perpetrated a fraud through his misrepresentation, in his application for dismissal of the grand theft case, that he had at all times complied with the conditions of his probation.

■ It is well-recognized in Idaho law that courts have inherent power to reopen cases under certain circumstances, despite a prior termination of jurisdiction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27, 43 (1991); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250, 1254 (1944); *Harper v. Harper*, 122 Idaho 535, 537, 835 P.2d 1346, 1348 (Ct.App.1992). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Chambers*, 501 U.S. at 43, 111 S.Ct. at 2132, 115 L.Ed.2d at 44 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–

31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738 (1962)).

For many years, the Idaho Supreme Court held that courts' inherent powers include the authority to set aside a judgment that was obtained by extrinsic fraud. *See Chambers*, 501 U.S. at 44, 111 S.Ct. at 2132, 115 L.Ed.2d at 44; *Compton v. Compton*, 101 Idaho 328, 334, 612 P.2d 1175, 1181 (1980); *Gregory v. Hancock*, 81 Idaho 221, 227, 340 P.2d 108, 111 (1959); *Smutny v. Noble*, 78 Idaho 628, 631, 308 P.2d 591, 592–93 (1957). Decisions describing what constitutes extrinsic fraud include *Keane v. Allen*, 69 Idaho 53, 61, 202 P.2d 411, 416 (1949), where the Court summarized extrinsic fraud as "fraud or deception practiced upon a party by his adversary which has prevented the former from trying his case, or having a real contest of the subject matter of the suit in court"; and *Compton*, which stated that extrinsic fraud exists "where a party is prevented by trick, artifice, or other fraudulent conduct from fairly presenting his claims or defenses or introducing relevant and material evidence ." *Compton*, 101 Idaho at 334, 612 P.2d at 1181 (quoting *United States v. Throckmorton* 98 U.S. 61, 25 L.Ed. 93 (1878)) (citations omitted). Thus, extrinsic fraud was deemed to entail more than the presentation of perjured testimony. *See Gregory*, 81 Idaho at 226–27, 340 P.2d at 111.

In *Compton*, however, the Idaho Supreme Court appears to have abandoned the strict distinction between intrinsic and extrinsic fraud for the exercise of a court's inherent power to set aside a judgment. The Court there noted that the distinction is clouded and difficult to apply. *Compton*, 101 Idaho at 334–35, 612 P.2d at 1181–82. The Court quoted with approval this comment from 7 MOORE'S FEDERAL PRACTICE, 617–19:

[T]he more reasonable course to pursue is to weigh the degree of the fraud and the diligence with which such was unearthed and proceeded on, hold the claimant for relief to strict standards of pleading fraud and other elements necessary to sustain action, and to clear and convincing proof, if the case reaches that stage; and resolve any doubts against relief and in favor of the finality of the judgment attacked.

*Compton,* 101 Idaho at 335, 612 P.2d at 1182. The *Compton* court continued:

> We agree that the distinction between intrinsic and extrinsic fraud is simply another way of phrasing the question, and is of limited utility in actually resolving it. The task remains to strike a balance between two competing interests. On the one hand rests the need for finality of actions. On the other is the decidedly unsavory spectacle of the law .bearing down mercilessly, and perhaps ruinously, to collect and deliver over the fruits of undoubted fraud....
>
> Among the non-conclusory points we can make are that the independent action in equity is a most unusual remedy, available only rarely and under the most exceptional circumstances. It is most certainly not its function to relitigate issues determined in another action between the same parties, or to remedy the inadvertence or oversight of one of the parties to the original action. It will lie only in the presence of an extreme degree of fraud.

*Id.* (internal quotation marks and citations omitted). Subsequently, in *Bodine v. Bodine,* 105 Idaho 477, 478, 670 P.2d 884, 885 (1983), the Supreme Court reiterated that an independent action to set aside a final judgment will lie only for "an extreme degree of fraud."

■ We conclude that this standard was not met by the State in the present case in its effort to set aside the April 2000 order. In Griffith's application for relief under I.C. § 19–2604(1), he, as well as his probation officer, misrepresented to the court that Griffith had fully complied with the terms and conditions of his probation. These misrepresentations, however, may have been more a matter of oversight or misunderstanding of the I.C. § 19–2604(1) standard for relief than a matter of fraudulent intent. Although Griffith had previously admitted probation violations, his probation was not revoked, and he thereafter successfully completed the period of probation. He therefore may have genuinely believed that he had "complied" with his probation terms. The absence of any fraudulent intent on Griffith's part is indicated by his probation officer's partic-

ipation in the representation, for there is no reason to believe that the probation officer had any desire to mislead the court. Further, as the district court acknowledged in addressing the matter in November 2004, the court's own file contained the probation violation report, making it unlikely that Griffith would have believed he could successfully mislead the court concerning his performance on probation.

It is also noteworthy that the Supreme Court stated in *Compton* that exercise of the inherent power to set aside a final judgment is not "to remedy the inadvertence or oversight of one of the parties to the original action." *Compton,* 101 Idaho at 335, 612 P.2d at 1182. In this case, the State's own oversight is a contributing factor, for one of the individuals making the misrepresentation was the probation officer, an agent of the State of Idaho. The State has not demonstrated the "extreme degree of fraud" that would justify the reopening of the grand theft case.

Lastly, *invocation of a court's inherent power to set aside a judgment ought not be available as a substitute for an appeal.* Here, with the exercise of diligence, the prosecutor could have timely appealed the April 2000 order but omitted to do so.

The record does not show "the most exceptional circumstances" that would justify judicial exercise of the inherent power to set aside a final judgment. Consequently, we conclude that the district court lacked jurisdiction in November 2002 when it set aside its April 10, 2000 order granting withdrawal of Griffith's guilty plea and dismissing the grand theft case. Accordingly, the district court's November 5, 2002 order is reversed.

Judge PERRY and Judge Pro Tem WALTERS concur.