121 P.3d 961

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Kim Brent TAYLOR, Defendant–Respondent.**

**No. 30766.**

Supreme Court of Idaho,
Idaho Falls, September 2005 Term.

Sept. 23, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Rebekah A. Cudé, Deputy Attorney General, argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent. Eric Fredericksen argued.

EISMANN, Justice.

This is an appeal by the State from the district court's judgment, issued after the expiration of the 180–day retained jurisdiction, suspending the Defendant's sentence and placing him on probation. Because the district court had no jurisdiction to suspend the sentence once the 180–day period of retained jurisdiction had expired, we reverse the judgment.

### I. FACTS AND PROCEDURAL HISTORY

The defendant-respondent Kim Taylor was tried and convicted of sexual battery of a minor child, and on October 1, 2003, he was sentenced to thirteen years in the custody of the Idaho Board of Correction, with the first three years of the sentence determinate and the balance indeterminate. Pursuant to Idaho Code § 19–2601(4),[1] the district court sus-

---

1. The statute provides as follows:

    **19–2601. Commutation, suspension, withholding of sentence—Probation.** Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:

    . . . .

4. Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. The prisoner will remain committed to the board of correction if

pended execution of the judgment and retained jurisdiction for 180 days so that the Defendant could participate in what is called the "rider" program.

Defendants in the rider program typically spend their time at a correctional facility in Cottonwood, rather than at the main prison near Boise. During that time, correctional personnel evaluate the defendants and then issue a written report and recommendation for the sentencing judge to consider when deciding whether to place the defendant on probation. In this case, the report recommended that the Defendant be placed on probation and that he have an updated psychosexual evaluation and polygraph evaluation as a condition of probation.

The 180–day period of retained jurisdiction was scheduled to expire on March 29, 2004. Five days before that date, the district court held a hearing to decide whether to place the Defendant on probation or to relinquish jurisdiction, in which case the Defendant would serve his sentence. At the conclusion of that hearing, the district court decided to obtain a second psychosexual evaluation of the Defendant before making its decision, and it continued the matter to April 22, 2004.

Seven days after the expiration of the 180–day period, the State moved to have the Defendant transferred to the state penitentiary on the ground that the district court had lost jurisdiction and could not place the Defendant on probation. The district court denied the motion. On the date of the continued hearing, the district court suspended the Defendant's sentence and placed him on probation for seven years. The State then appealed.

## II. ANALYSIS

The issue presented by this appeal is whether the district court had jurisdiction to place the Defendant on probation after the expiration of the 180–day period of retained jurisdiction. Idaho Code § 19–2601(4) provides that a court may

> Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days.... The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court.

The statute only permits a court to retain jurisdiction over a prisoner for 180 days. Upon the expiration of that time period, the court loses jurisdiction to place the prisoner on probation.

In 2005 the statute was amended to extend the court's jurisdiction for thirty additional days in limited circumstances,[2] but in 2004 there was no exception to the expiration of the court's jurisdiction. Because the 180–day period of retained jurisdiction expired without the district court affirmatively placing the Defendant on probation, the Defendant remained committed to the custody of the Idaho Board of Correction. The district

---

not affirmatively placed on probation by the court. Placement on probation shall be under such terms and conditions as the court deems necessary and expedient. The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction after a defendant has been placed on probation in a case. In no case shall the board of correction or its agent, the department of correction, be required to hold a hearing of any kind with respect to a recommendation to the court for the grant or denial of probation. Probation is a matter left to the sound discretion of the court. Any recommendation made by the department to the court regarding the prisoner shall be in the nature of an addendum to the presentence report. The board of correction and its agency, the department of correction, and their employees shall not be held financially responsible for damages, injunctive or de-

claratory relief for any recommendation made to the district court under this section.

**2.** In 2005, the statute was amended to add the following provision: "In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired." Ch. 186, § 1, 2005 Idaho Sess. Laws 572.

court's judgment placing the Defendant on probation was therefore void because the court no longer had jurisdiction.

## III. CONCLUSION

The judgment of the district court suspending the Defendant's sentence and placing him on probation is reversed. Upon the expiration of the 180–day period of retained jurisdiction, the district court lacked jurisdiction to suspend the Defendant's sentence and place him on probation. He remains committed to the custody of the Idaho Board of Correction.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.

