**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36366**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2010 Opinion No. 50** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: July 22, 2010** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| TRENT M.G. PETERSEN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Mark J. Ackley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Trent M.G. Petersen appeals from the district court's order relinquishing jurisdiction. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Petersen pled guilty to issuing insufficient fund checks. I.C. § 18-3106(b). On August 18, 2008, the district court sentenced Petersen to a unified term of three years, with a minimum period of confinement of one year. However, the district court retained jurisdiction for 180 days pursuant to I.C. § 19-2601(4).[1] The district court ordered that Petersen be committed to the custody of the county sheriff for delivery within seven days to the Idaho State Board of Correction. Petersen was not delivered to the Board or transported to the rider facility but was transported to another county for disposition of other pending charges.

_____

[1] The retained jurisdiction program is also commonly referred to as the "rider."

1

On February 25, 2009, 190 days after retaining jurisdiction, the district court issued an order extending its jurisdiction in the case by thirty days. The court determined that it needed more time to properly dispose of the matter because Petersen had not been transported to the rider facility. However, after a hearing, the district court concluded that it did not have the authority under I.C. § 19-2601(4) to issue the order extending its jurisdiction because the order was issued after the expiration of the 180-day time period. The court then entered an order relinquishing jurisdiction, and Petersen was remanded to the custody of the Board for execution of his original sentence. Petersen filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Petersen appeals.

## II.

## ANALYSIS

Petersen argues that the district court erred because it incorrectly interpreted I.C. § 19-2601(4) to require that the thirty-day extension be ordered prior to the expiration of the 180-day period of retained jurisdiction. Further, Petersen contends that the district court abused its discretion when it relinquished jurisdiction because the 180-day period of jurisdiction had not began to run, as Petersen was never physically placed into the custody of the Board. Alternatively, Petersen asserts that, even if the district court did not have jurisdiction under the statute, it possessed inherent authority under the Idaho Constitution to place Petersen on probation.

### A. Jurisdiction Under I.C. § 19-2601(4)

Petersen argues that the district court's interpretation of I.C. § 19-2601(4) was in error. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that

intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code Section 19-2601(4) states in part that, whenever any person pleads guilty to a crime (except treason or murder), the district court in its discretion may:

> Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court. *In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired.*

(Emphasis added).

Typically, a court's jurisdiction ends once the court orders a defendant into the custody of the Board.[2] *State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). Yet, if the district court suspends a sentence and places a defendant on probation, the court maintains jurisdiction until the period of probation expires. *Id*. at 44, 878 P.2d at 218. Under I.C. § 19-2601(4), a court may also retain jurisdiction after a sentence has been pronounced. The principal purpose of retained jurisdiction is to evaluate the defendant for his or her receptiveness to

---

[2]    After a defendant is placed into the custody of the Board, the court maintains jurisdiction to consider a Rule 35 motion for reduction of sentence. *See State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). Also, it is well recognized in Idaho law that the court has inherent power to set aside a judgment that was obtained by fraud. *See State v. Griffith*, 140 Idaho 616, 618-19, 97 P.3d 483, 485-86 (Ct. App. 2004).

rehabilitation or probation. *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (Ct. App. 2004). During the period of retained jurisdiction, the district court shares jurisdiction with the Board. *Williams*, 126 Idaho at 44, 878 P.2d at 218. However, the court's jurisdiction lapses at the end of the 180-day period, before which time the court must decide whether to grant probation or relinquish jurisdiction and execute the defendant's original sentence. If the district court does not affirmatively grant probation, the defendant remains committed to the Board. In 2005, the legislature carved out an exception to this rule by amending I.C. § 19-2601(4) to allow the district court, in extraordinary circumstances, to take up to an additional thirty days to determine whether or not to place a defendant on probation at the end of the 180-day period of retained jurisdiction.

In this case, ten days after the 180-day period expired, the district court determined that extraordinary circumstances existed and ordered an extension of thirty days to decide whether probation was appropriate for Petersen. After a hearing during which the court heard additional argument on its authority to extend jurisdiction, the district court interpreted I.C. § 19-2601(4) to mean that a court must order the thirty-day extension prior to the expiration of the 180-day period of retained jurisdiction. The district court then concluded that it was acting without authority when it ordered the thirty-day extension 190 days after it originally placed Petersen on the rider. As such, the district court determined that it had lost jurisdiction to grant Petersen probation and remanded Petersen to the custody of the Board for execution of his original sentence.

Petersen contends that, as long as the court determines that extraordinary circumstances exist within 210 days after the court retains jurisdiction, it is acting within its authority. In support of this argument, Petersen relies upon our decision in *Diggie*. In that case, this Court held that a court loses jurisdiction over a defendant when the 180-day period of retained jurisdiction expires. *Diggie*, 140 Idaho at 241, 91 P.3d at 1145. This Court also acknowledged that, when extraordinary circumstances exist, a court may place a defendant on probation within a reasonable time after the 180 days have expired. *Id.* After our decision in *Diggie*, the legislature amended I.C. § 19-2601(4) to allow such an extension and to define the reasonable time allowed for the extension as thirty days. As such, this Court's statement in *Diggie* and I.C. § 19-2601(4) stand for the same proposition--in extraordinary circumstances, a court may extend its jurisdiction beyond 180 days. However, the issue in this case is not whether the court

4

possesses authority to extend its jurisdiction. Rather, the issue in this case is *when* that authority exists--either prior to or after the expiration of the 180-day period of retained jurisdiction.

The plain language of I.C. § 19-2601(4) demonstrates that the court may extend its jurisdiction by thirty days as long as it does so before the 180 days expire. Specifically, I.C. § 19-2601(4) states in relevant part:

> In extraordinary circumstances, where the court concludes that it *is* unable to obtain and evaluate the relevant information *within* the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and *is* unable to obtain the defendant's presence *within* such a period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired.

(Emphasis added). The use of the words "is" and "within" signify that the court must conclude that an extension is necessary and issue an order to that effect *during* the 180-day period. Further, as the state asserts, extensions of time similar to the one at issue in this case are generally allowed only if requested prior to the original deadline. *See* I.C.R. 45(b)(1). In addition, any effort by the court to alter a sentence after a defendant has been remanded to the custody of the Board is an impermissible invasion of the authority of the executive branch--specifically the Board and the Commission of Pardons and Parole. *Williams*, 126 Idaho at 43, 878 P.2d at 217. In this case, while it is unfortunate that the district court was not aware that Petersen had not been transported to the retained jurisdiction facility prior to the expiration of the 180 days, we conclude that the court no longer had the authority to order the thirty-day extension because it did so after the 180-day period of retained jurisdiction had ended. Although we recognize that this conclusion may produce harsh results for certain defendants, we cannot say that the district court's interpretation of I.C. § 19-2601(4) was in error.

## B. Commencement of the Retained Jurisdiction Period

Petersen further contends that the district court abused its discretion when it relinquished jurisdiction because the 180-day period of retained jurisdiction did not begin to run until Petersen was physically placed into the custody of the Board. Petersen did not raise this issue before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, the question of

5

jurisdiction is fundamental, and may be brought to the court's attention at any time. *State v. Lundquist*, 134 Idaho 831, 835, 11 P.3d 27, 31 (2000).

Petersen relies upon *State v. McGonigal*, 122 Idaho 939, 842 P.2d 275 (1992). In that case, after being sentenced to prison but prior to being physically transported into the Board's custody, McGonigal made threatening comments about the district court. In response, the district court ordered McGonigal back to court and resentenced him to a longer prison term than originally imposed. The Idaho Supreme Court held that the district court possessed jurisdiction to resentence McGonigal because he had yet to be physically transported to the Board. *Id.* at 940, 842 P.2d at 276. Petersen asserts that, because the court in *McGonigal* maintained its jurisdiction until the defendant had been physically transported into the custody of the Board, the same should apply in this case. The facts in *McGonigal* are distinguishable from the facts of this case for two reasons. First, the court in *McGonigal* did not retain jurisdiction after pronouncing McGonigal's sentence. Second, as stated above, a district court's authority to retain jurisdiction beyond the 180-day period is governed by I.C. § 19-2604(4), which was not at issue in *McGonigal*.

We agree with the state's contention that I.C. § 19-2601(4) allows a court to retain jurisdiction for the first 180 days of the defendant's *sentence*, not for the first 180 days after the defendant is physically placed into the Board's custody. A defendant's sentence begins when it is imposed by the court. I.C. § 20-209A. As such, the plain language of I.C. § 19-2601(4) contemplates that the time for the 180-day period of retained jurisdiction begins to run once the sentence is pronounced, regardless of whether the defendant is transported to the Board immediately or there is some delay.

C.    **Constitutional Authority**

Petersen argues in the alternative that, even if the district court lost its jurisdiction under I.C. § 19-2601(4), the court possessed inherent authority to grant Petersen probation pursuant to Article II[3] and Article V[4] of the Idaho Constitution. Petersen did not raise this argument before

---

[3]    Article II, Section 1 provides:

> The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these

6

the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126. Specifically, failure to raise constitutional issues below is a waiver of the right to raise the issues on appeal. *State v. Hadley*, 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct. App. 1992). Petersen asserts that the issue of the judiciary's inherent powers under the Idaho Constitution was necessarily incorporated into the jurisdictional issue raised below. This Court disagrees. However, even if we were to determine that this issue is jurisdictional, Petersen's argument fails.

Petersen relies upon this Court's decision in *State v. Griffith*, 140 Idaho 616, 618, 97 P.2d 483, 485 (Ct. App. 2004), in which we held that, in certain circumstances, a court may reopen cases after its jurisdiction has expired. Nowhere in our decision in *Griffith* did we conclude that a court may reopen a case after the expiration of the 180-day period of retained jurisdiction. Rather, *Griffith* specifically dealt with setting aside a judgment obtained by fraud. Fraud has not been alleged in this case.

Petersen also relies upon the Idaho Supreme Court's decision in *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971). In that case, the Court held that it was an inherent power of the judiciary to suspend the whole or part of a defendant's sentence. *Id*. at 240, 486 P.2d at 251. Petersen urges this Court to expand this holding, arguing that the Idaho Constitution grants the judiciary inherent authority to suspend a defendant's sentence at any time. However, this authority only exists during times when the court maintains jurisdiction over the defendant. *See Williams*, 126 Idaho at 44, 878 P.2d at 218.

---

departments shall exercise any powers properly belonging to either of the others, except as in this [C]onstitution expressly directed or permitted.

[4] Article V, Section 13 provides:

The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentences so imposed shall not be reduced.

If we were to conclude that a court may at any time suspend a defendant's sentence, especially after the sentence is imposed and the defendant is remanded to the custody of the Board, the time limitation contained in statutes like the one at issue in this case would be rendered meaningless. Further, the Idaho Constitution does not grant the judiciary perpetual jurisdiction over a defendant to adjust, amend, or suspend a sentence. As such, Petersen's argument is without merit.

## III.

## CONCLUSION

The plain language of I.C. § 19-2601(4) requires that the thirty-day extension must be ordered by the district court within the 180-day time period of retained jurisdiction. Further, the 180-day time period of retained jurisdiction begins to run when the sentence is imposed, despite whether the defendant is transported immediately to the rider facility or if there is some delay. In addition, Petersen's argument that the district court possesses the inherent power to suspend a defendant's sentence at any time was not raised below and is without merit. Therefore, Petersen has failed to show that the district court abused its discretion by relinquishing jurisdiction and ordering execution of Petersen's original sentence. Accordingly, the district court's order is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**