**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37448**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 384 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 11, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHAN GREGORY TUOHY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Appeal from order relinquishing jurisdiction, <u>dismissed</u>.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jonathan Gregory Tuohy pled guilty to one count of obtaining a controlled substance by fraud. I.C. § 37-2734(a)(3). Following his guilty plea, Tuohy was sentenced to a unified term of four years, with a minimum period of confinement of two years. The district court retained jurisdiction for 180 days, and Tuohy was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Tuohy completed evaluation at NICI, the jurisdictional review committee recommended probation. On January 14, 2010, three days after the expiration of the 180-day time period, the district court relinquished jurisdiction. Tuohy appeals, claiming that the district court erred by failing to sua sponte grant probation prior to the expiration of the 180-day retained jurisdiction period.

The state asserts that this appeal is untimely. Both parties agree that the judgment of conviction was entered on July 15, 2009, that the period of retained jurisdiction expired on

January 11, 2010, and that the district court lost jurisdiction on that date.[1]  The district court held a rider review hearing on January 13, 2010, and entered an order relinquishing jurisdiction on January 14, 2010.  The notice of appeal was filed on February 25, 2010.  This appeal is timely from the order relinquishing jurisdiction, but untimely from the date the district court lost jurisdiction.

Idaho Appellate Rule 14(a) provides that an appeal must be filed within forty-two days from the date of the judgment or order.  The rule also provides in part:

> In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code.  When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run.

I.A.R. 14(a).  The district court "actually" retains jurisdiction for no more than the time set by the statute, in this case, 180 days.  I.C. § 19-2601(4).[2]  In *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005) the Court stated that:

> The statute only permits a court to retain jurisdiction over a prisoner for 180 [now 365] days.  Upon the expiration of that time period, the court loses jurisdiction to place the prisoner on probation.
>      . . . Because the 180-day period of retained jurisdiction expired without the district court affirmatively placing the Defendant on probation, the Defendant remained committed to the custody of the Idaho Board of Correction.  The district court's judgment placing the Defendant on probation was therefore void because the court no longer had jurisdiction.

*Id.*[3]

At the expiration of the retained jurisdiction period, the enlargement of time expires and the time to file a notice of appeal from the judgment of conviction begins to run.  The language in I.A.R. 14(a) which states that "[w]hen the court releases its retained jurisdiction or places the

---

[1]     Relative to this appeal, I.C. § 19-2601(4) provided for a 180-day period of retained jurisdiction.  The statute has since been amended to provide for a 365-day period of retained jurisdiction.  *See* 2010 Idaho Sess. Laws, ch. 350, § 1, p. 913.

[2]     The court may extend the time period by thirty days, so long as it does so prior to the expiration of the 180-day period.  *State v. Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010).  The district court did not attempt to do so in this case.

[3]     Idaho Code § 19-2601(4) provides that "[t]he prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court."

defendant on probation, the time within which to appeal shall commence to run" relates only to affirmative action by the district court prior to the expiration of its retained jurisdiction. Since, as stated in *Taylor*, the district court has no jurisdiction after the statutory time period to place a defendant on probation, the district court, similarly, lacks jurisdiction to "release" its retained jurisdiction after it has expired. Therefore, the time to file an appeal challenging the underlying sentence must run from the date the court loses jurisdiction. Thus, in this case, the time to file an appeal began to run from the time the district court lost jurisdiction and the retained jurisdiction period ceased on January 11, 2010. Tuohy did not file the notice of appeal within forty-two days of January 11, 2010, and, hence, this appeal is untimely. Accordingly, Tuohy's appeal is dismissed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**