**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39186**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 613 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CARLA V. RAMIREZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Appeal from order relinquishing jurisdiction and executing original, unified sentence of seven years, with three years determinate, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Carla V. Ramirez pled guilty to burglary, Idaho Code §§ 18-1401, 18-1403. The district court sentenced Ramirez to a unified term of seven years, with three years determinate, but retained jurisdiction for 180 days. After the expiration of the period of retained jurisdiction, the district court entered an order relinquishing jurisdiction, acknowledging the expiration of the court's jurisdiction. Ramirez appeals, contending the district court abused its discretion by failing to reduce her sentence upon relinquishing jurisdiction.

Idaho Code § 19-2601(4) states in part that whenever any person pleads guilty to a crime (except treason or murder), the district court, in its discretion, may:

1

Suspend the execution of the judgment at any time during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. During the period of retained jurisdiction, the state board of correction shall be responsible for determining the placement of the prisoner and such education, programming and treatment as it determines to be appropriate. *The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court.*

(Emphasis added.) During the period of retained jurisdiction, the district court shares jurisdiction with the Board of Correction (Board). *State v. Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010); *State v. Williams*, 126 Idaho 39, 44, 878 P.2d 213, 218 (Ct. App. 1994). It has long been held that the court's jurisdiction expires at the end of the period of retained jurisdiction. *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (Ct. App. 2004). If the district court does not affirmatively grant probation prior the expiration of the period of retained jurisdiction, the defendant remains committed to the Board. I.C. § 19-2601(4); *Petersen*, 149 Idaho at 812, 241 P.3d at 985.

The court may extend the retained jurisdiction time period by thirty days in certain circumstances:

In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the period of retained jurisdiction has expired.

I.C. § 19-2601(4). Any action by the court to extend the time period must be made prior to the expiration of the period of retained jurisdiction. *Petersen*, 149 Idaho at 812, 241 P.3d at 985.

Here, the district court's jurisdiction expired, at the latest, on July 1, 2011 (365 days after entry of the judgment of conviction on July 1, 2010), and the record does not show the district court attempted to extend the time period. Twenty days later, on July 21, 2011, the district court entered an order relinquishing jurisdiction, acknowledging that the court's jurisdiction had expired. Because the period of retained jurisdiction expired without the district court affirmatively placing Ramirez on probation, Ramirez remained committed to the custody of the Board. I.C. § 19-2601(4); *State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005).

2

Mindful that the district court's order relinquishing jurisdiction was entered after the court's jurisdiction expired, Ramirez asserts the district court abused its discretion by failing to reduce her sentence upon relinquishing jurisdiction. The decision of whether to modify the original sentence after a period of retained jurisdiction is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It is undisputed in this case that the district court's jurisdiction expired prior to entry of its order relinquishing jurisdiction. The court was, therefore, without authority to reduce Ramirez's sentence.[1] Any effort by a court to alter a sentence after a defendant has been committed to the custody of the Board is an impermissible invasion of the authority of the Board. *Petersen*, 149 Idaho at 812-13, 241 P.3d at 985-86; *Williams*, 126 Idaho at 43, 878 P.2d at 217. As such, Ramirez has failed to show the district court abused its discretion by failing to reduce her sentence upon relinquishing jurisdiction. The district court's order relinquishing jurisdiction and executing Ramirez's original, unified sentence of seven years, with three years determinate, is affirmed.

---

[1]    Even assuming the district court had jurisdiction pursuant to Idaho Criminal Rule 35, Ramirez has failed to show the district court abused its discretion by failing to reduce her sentence upon relinquishing jurisdiction.