IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39675/39714

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 703 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LORDDEN FLINT SHAMY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order relinquishing jurisdiction and requiring execution of unified sentence of five years, with three years determinate for domestic battery, affirmed; order relinquishing jurisdiction and requiring execution of concurrent, unified sentence of five years, with two and one-half years determinate, for felony violation of a no contact order, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In docket number 39675, Lordden Flint Shamy pled guilty to domestic battery. Idaho Code §§ 18-903, 18-918(5), (7)(A). The district court sentenced Shamy to a unified term of five years, with three years determinate, but suspended the sentence and placed Shamy on probation. Subsequently, Shamy admitted to violating his probation. The district court revoked probation, but retained jurisdiction. At the conclusion of the period of retained jurisdiction, the district court relinquished jurisdiction, requiring execution of Shamy's sentence without modification.

1

Shamy filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied.

In docket number 39714, Shamy pled guilty to felony violation of a no contact order. I.C. § 18-920. The district court sentenced Shamy to a unified term of five years, with two and one-half years determinate, to run concurrently with his sentence in docket number 39675, and retained jurisdiction. At the conclusion of the period of retained jurisdiction, the court relinquished jurisdiction, requiring execution of his sentence without modification. Shamy filed a Rule 35 motion for reduction of his sentence, which the district court denied.

Shamy appeals from the district court's orders relinquishing jurisdiction in both cases, and the cases have been consolidated on appeal. He argues the district court abused its discretion by relinquishing jurisdiction and by failing to sua sponte reduce his sentences upon relinquishing jurisdiction.

The principal purpose of retained jurisdiction is to provide a period of evaluation of the offender's potential for rehabilitation and suitability for probation. *State v. Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010). The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Rule 35 to reduce the sentence. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say the district court abused its discretion.

Accordingly, the district court's orders relinquishing jurisdiction and requiring execution of Shamy's sentences, without modification, are affirmed.