IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40242

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 410 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN NEAL CHARLES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Appeal from order revoking probation and requiring execution of unified ten-year sentence with three-year determinate term for grand theft, dismissed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Kevin Neal Charles was found guilty of grand theft. I.C. § 18-2403(1), 18-2407(1)(b)(7). The district court imposed a unified ten-year sentence with a three-year determinate term, suspended the sentence and placed Charles on probation. Charles admitted to violating the terms of the probation. On August 7, 2008, the district court revoked probation, ordered execution of the original sentence, but retained jurisdiction for 180 days. The district court's jurisdiction expired on February 3, 2009. On February 4, 2009, the district court entered an order suspending Charles's sentence and placing him on probation. On February 27, 2012, the state filed a motion, alleging Charles had violated the terms of his probation. Charles admitted the allegations and on

1

August 3, 2012, the district court revoked Charles's probation and ordered execution of the underlying sentence. Charles appealed.

We consider first the state's argument that Charles cannot obtain relief because the district court had no jurisdiction to place Charles on probation on February 4, 2009. The state is correct. Furthermore, Charles, in his appellant's brief, also acknowledges that the district court lost jurisdiction on February 3, 2009.

The district court's jurisdiction ceased to exist on February 3, 2009, and Charles automatically came under the control of the Department of Correction. *See State v. Petersen*, 149 Idaho 808, 31, 121 P.3d 961, 962 (Ct. App. 2010). Because the district court lost jurisdiction on February 3, 2009, all subsequent proceedings in Charles's case would have been a legal nullity. *See Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010). Any attempt to place a defendant on probation after the expiration of the statutorily authorized review period is void. *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).

The district court did not have jurisdiction to place Charles on probation. Therefore, his appeal is dismissed as untimely.