**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41095**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 554 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL BOONE WISEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of five years, with two years determinate, for burglary, <u>affirmed</u>; relinquishment of jurisdiction and execution of underlying sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Daniel Boone Wiseman pled guilty to burglary. Idaho Code §§ 18-1401, 18-1403. The district court sentenced Wiseman to a unified term of five years, with two years determinate, to run consecutively to Wiseman's sentence in a separate case. The district court also retained jurisdiction for 365 days. Subsequently, Wiseman filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied.

The district court's jurisdiction expired as a matter of course. Because the district court did not affirmatively grant probation prior to the expiration of the period of retained jurisdiction, Wiseman remained committed to the Idaho Board of Correction. I.C. § 19-2601(4); *State v.*

*Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010). After the period of retained jurisdiction expired, the district court held a hearing. Although conceding that the district court's jurisdiction had already expired, Wiseman requested that the court extend its jurisdiction and that the court place him on probation or alternatively modify or reduce his sentence. The district court took the matter under advisement and later entered a memorandum decision and order affirming that Wiseman remained committed to the Idaho Board of Correction. The district court concluded it was without authority to extend its jurisdiction and without jurisdiction to place Wiseman on probation. Wiseman appeals, contending his sentence is excessive, contending the district court abused its discretion by relinquishing jurisdiction, and contending the district court abused its discretion by failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Upon review of the record, Wiseman has failed to show an abuse of discretion.

We assume, without deciding, that we may review the district court's decision to not sua sponte reduce the sentence. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a

sentence are well-established.  *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *Toohill*, 103 Idaho 565, 650 P.2d 707.  Applying those standards, Wiseman has failed to show an abuse of discretion.

We affirm Wiseman's judgment of conviction and sentence and the relinquishment of jurisdiction without reduction of Wiseman's sentence.