# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44505

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 434 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 18, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER LEE SCHMID, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Appeal from order revoking probation, dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; MELANSON, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Christopher Lee Schmid pled guilty to battery upon certain personnel. I.C. §§ 18-903 and 18-915(3). In exchange for his guilty plea, a second charge was dismissed. The district court sentenced Schmid to a unified term of five years, with a minimum period of confinement of two years. The district court suspended the sentence, placed Schmid on probation, and ordered that Schmid complete mental health court. Following several violations, Schmid violated his probation by absconding supervision and by being suspended from mental health court. On June 3, 2015, the district court revoked Schmid's probation, ordered execution of the underlying sentence, but retained jurisdiction. On June 8, 2016, 371 days after the district court

1

retained jurisdiction, the district court held a jurisdictional review hearing. The district court entered an order to suspend Schmid's sentence and placed him on probation with the condition that he complete an in-custody treatment program. On August 20, 2016, and at Schmid's request, the district court entered an order terminating Schmid from the treatment program executing Schmid's underlying sentence. Schmid filed an I.C.R 35 motion for reduction of his sentence, which the district court denied. Schmid appeals, claiming that the district court erred in revoking probation.

We consider first the State's argument that Schmid cannot obtain relief because the district court had no jurisdiction to place Schmid's on probation after the expiration of the period of retained jurisdiction. The district court retained jurisdiction for 365 days on June 3, 2015, pursuant to I.C. § 19-2601(4) (2004). The district court's jurisdiction expired on June 2, 2016, and Schmid automatically came under the control of the Department of Correction. *See State v. Petersen*, 149 Idaho 808, 31, 121 P.3d 961, 962 (Ct. App. 2010). Because the district court lost jurisdiction on June 2, 2016, all subsequent proceedings in Schmid's case would have been a legal nullity. *See Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010).

The district court held a jurisdictional review hearing on June 8, 2016. Schmid argues that, because the district court scheduled the hearing for a date beyond the 365 days, it implicitly extended its jurisdiction for the thirty-day extension authorized by I.C. § 19-2601(4). However, no order for extension was entered prior to the expiration of the 365-day period. Therefore, any attempt to place Schmid on probation after the expiration of the statutorily authorized review period is void. *See State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).

The district court was without jurisdiction to place Schmid on probation or grant his Rule 35 motion for reduction of sentence. Therefore, the appeal from the order of the district court revoking Schmid's probation is dismissed.