# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50883 & 51025

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: April 23, 2024** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| GIANNA MARIE CASEY, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. On October 14, 2020, following Gianna Marie Casey's guilty pleas, the district court imposed concurrent unified sentences of six years, with two years determinate, for burglary, Idaho Code § 18-1401, and forgery, I.C. § 18-3601. In both cases, the district court retained jurisdiction for 365 days and ordered Casey to report to the jail on or before November 2, 2020. The district court later extended the period to report to the jail "until further order" and then until "on or before December 1, 2020." Casey failed to report to the jail as ordered, and the district court issued a bench warrant. Casey was arrested on the warrants over two years later, on March 13, 2023.

1

In the district court, Casey argued the district court still had jurisdiction to place her on probation despite the plain language of I.C. § 19-2601(4). The district court found it no longer had jurisdiction over Casey's cases and did not have authority to suspend her sentences after the period of retained jurisdiction elapsed. The court issued an order relinquishing jurisdiction in each case.

Whether a court lacks jurisdiction is a question of law that may be raised at any time, and over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). On appeal, "mindful of how Idaho Code § 19-2601(4) limited the district court's jurisdiction," Casey asserts the district court erred when it determined it no longer had jurisdiction over her cases and it failed to place her on probation or reduce her sentences.

Idaho Code Section 19-2601(4) reads:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion may:
> . . . .
> 4.      Suspend the execution of the judgment at any time during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction. The court may retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days.

The time for the period of retained jurisdiction begins to run once the sentence is pronounced, regardless of whether the defendant is transported to the Idaho Department of Correction. *State v. Peterson*, 149 Idaho 808, 813, 241 P.3d 981, 986 (Ct. App. 2010). Further, if a court retains jurisdiction for 365 days but does not place the defendant on probation within those 365 days, its jurisdiction automatically terminates. *State v. Brown*, 170 Idaho 439, 444, 511 P.3d 859, 864 (2022).

Here, Casey's period of retained jurisdiction began to run once her sentence was pronounced and the district court did not thereafter place her on probation within the period of retained jurisdiction. Consequently, the district court did not err in determining it no longer had jurisdiction to place Casey on probation and the orders of the district court relinquishing jurisdiction are affirmed.

2