**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37265**

| | |
|---|---|
| STATE OF IDAHO, | ) 2010 Opinion No. 75 |
| | ) |
| Plaintiff-Respondent, | ) Filed: November 18, 2010 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| EZEIKEL ZEBEROIA WARD, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Appeal, <u>dismissed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Ezeikel Zeberoia Ward pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c). Prior to sentencing, Ward entered into the drug court program. After the State filed a motion to discharge, Ward withdrew from the program. The district court sentenced Ward to a unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction. Following the period of retained jurisdiction, the district court's jurisdiction was relinquished and the suspended sentence executed. Ward appeals contending that the district court abused its discretion by imposing an excessive sentence.

The State asserts that this appeal is untimely. Both parties agree that the judgment of conviction was entered on May 14, 2009, that the period of retained jurisdiction expired on

November 10, 2009, and that the district court lost jurisdiction on that date.[1]  The district court held a rider review hearing on November 18, 2009, and entered an order relinquishing jurisdiction on November 19, 2009.  The notice of appeal was filed on December 30, 2009.  The appeal is timely from the order relinquishing jurisdiction, but untimely from the date the district court lost jurisdiction.

The State asserts that the notice of appeal, challenging the underlying sentence,[2] was required to be filed within forty-two days from the date the district court lost jurisdiction, Idaho Appellate Rule 14(a).  The State contends that I.A.R. 14(a) only enlarges the time to appeal from a judgment of conviction "by the length of time the district court actually retains jurisdiction."  Therefore, the State asserts that by operation of I.C. § 19-2601(4), the retained jurisdiction period ended on November 10, 2009, not when the district court entered the untimely order relinquishing jurisdiction.  Pursuant to I.A.R. 21, failure to timely appeal is jurisdictional, requiring dismissal.

Ward argues that he could not appeal before entry of the written order relinquishing jurisdiction because oral rulings are not appealable, I.A.R. 11(c), and that an appeal before the entry of a written order is premature, defective, and does not vest jurisdiction in the appellate court, citing I.A.R. 17(e)(2), *Meridian Bowling Lanes v. Meridian Athletic Association, Inc.*, 105 Idaho 509, 511, 670 P.2d 1294, 1296 (1983), and *State v. Gissel*, 105 Idaho 287, 290, 668 P.2d 1018, 1021 (Ct. App. 1983).  Further, Ward notes that I.A.R. 14 triggers the time for filing an appeal from the "filing stamp" on the document from which the appeal is taken, suggesting that until such time as the district court, even though it has lost jurisdiction, files an order relinquishing jurisdiction, no appeal can be taken.

Ward's appeal is untimely.  Ward raises no issue on appeal relating to the order relinquishing jurisdiction.  Rather, he appeals from the judgment of conviction which was entered and file stamped on May 14, 2009.  If the district court had not retained jurisdiction, Ward would have been required to file his appeal challenging his sentence within forty-two days of that date.  I.A.R. 14(a).  However, since the district court did retain jurisdiction, I.A.R 14(a)

---

[1]     Relative to this appeal, I.C. § 19-2601(4) provided for a 180-day period of retained jurisdiction.  The statute has since been amended to provide for a 365-day period of retained jurisdiction.  *See* 2010 Idaho Sess. Laws, ch. 350, § 1, p. 913.

[2]     Ward does not challenge the order relinquishing jurisdiction.

provides for an enlargement of time to file the notice of appeal challenging the judgment of conviction. I.A.R. 14(a) states:

> In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run.

The enlargement of time to file a notice of appeal challenging the judgment of conviction lapses at the time the district court's retained jurisdiction ceases. The district court "actually" retains jurisdiction for no more than the time set by the statute, in this case, 180 days, I.C. § 19-2601(4).[3] In *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-963 (2005) the Court stated that:

> The statute only permits a court to retain jurisdiction over a prisoner for 180 [now 365] days. Upon the expiration of that time period, the court loses jurisdiction to place the prisoner on probation.
> . . . Because the 180-day period of retained jurisdiction expired without the district court affirmatively placing the Defendant on probation, the Defendant remained committed to the custody of the Idaho Board of Correction. The district court's judgment placing the Defendant on probation was therefore void because the court no longer had jurisdiction.

*Id.*[4] At the expiration of the retained jurisdiction period, the enlargement of time expires and the time to file a notice of appeal from the judgment of conviction begins to run. The language in I.A.R. 14(a) which states that "when the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run" relates only to affirmative action by the district court prior to the expiration of its retained jurisdiction. Since, as stated in *Taylor*, the district court has no jurisdiction after the statutory time period to place a defendant on probation, the district court, similarly, lacks jurisdiction to "release" its retained jurisdiction after it has expired. Therefore, the time to file an appeal, challenging the underlying sentence, must run from the date the court loses jurisdiction. Thus, in this case, the time to file an appeal began to run from the time the district court lost jurisdiction and the retained

---

[3] The court may extend the time period by thirty days, so long as it does so prior to the expiration of the 180-day period. *State v. Petersen*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Ct. App. 2010). The district court did not attempt to do so in this case.

[4] Idaho Code § 19-2601(4) provides that "the prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court."

jurisdiction period ceased, November 10, 2009. Ward did not file the notice of appeal within forty-two days of November 10, 2009, and, hence, the appeal is untimely. Therefore, this appeal is dismissed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**