# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38962

| | | |
|---|---|---|
| **BRANDON KEITH BLOCK,** | ) | **2012 Unpublished Opinion No. 484** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 21, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Brandon Keith Block, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Brandon Keith Block appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

On June 9, 2008, after Block pled guilty to lewd conduct with a minor under the age of sixteen, I.C. § 18-1508, the district court sentenced Block to a unified term of twenty years, with a minimum period of confinement of six years. The district court retained jurisdiction. Following Block's rider, he was placed on probation on November 26, 2008, for a term of twenty years. Block violated the terms of his probation, and the district court imposed Block's underlying sentence on April 27, 2010. Block did not file an appeal from his judgment of conviction or sentence, but did file a pro se application for post-conviction relief on March 2, 2011, asserting that he received ineffective assistance of counsel. Thereafter, the state filed a motion for summary dismissal of Block's application on the basis that it was untimely. After a hearing, the district court summarily dismissed Block's application because it found that the application was untimely pursuant to the statute of limitation set forth in I.C. § 19-4902(a). The

1

district court also found that Block had not identified any reason for tolling the statute of limitation. Block appeals.

Block argues that the district court erred by summarily dismissing his application for post-conviction relief. However, Block does not challenge the district court's finding that his application was untimely pursuant to the statute of limitation set forth in I.C. § 19-4902(a). When the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Further, our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State,* 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992).

Idaho Code Section 19-4902(a) provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. Idaho Appellate Rule 14(a) provides that an appeal from the district court must be filed within forty-two days "from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action." Rule 14(a) further provides, in pertinent part:

> If, at the time of judgment, the district court retains jurisdiction pursuant to Idaho Code § 19-2601(4), the length of time to file an appeal from the sentence contained in the criminal judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation; provided, however, that all other appeals challenging the judgment must be brought within 42 days of that judgment.

Accordingly, the time for appeal expired on January 7, 2009--forty-two days after the district court entered its November 26, 2008, order placing Block on probation following the period of retained jurisdiction. Block filed his application for post-conviction relief on March 2, 2011. Therefore, absent a reason to toll the statute of limitation set forth in I.C. § 19-4902(a), Block's application was untimely because it was filed more than a year after January 7, 2009.[1]

---

[1]     We note that I.A.R. 14 was amended in 2011. Prior to this amendment, the rule provided that "the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code." *See also State v. Ward*, 150 Idaho 446, 448, 247 P.3d 673,

This Court has recognized instances of equitable tolling with respect to the statute of limitation set forth in I.C. § 19-4902(a). *See Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). However, Block did not allege any basis to toll the statute of limitation in his application for post-conviction relief, at the hearing on the state's motion to summarily dismiss his application, or on appeal from the district court's order dismissing his application. Therefore, because Block's application was untimely pursuant to I.C. § 19-4902(a), and because Block does not challenge the district court's dismissal of his application on that ground or assert any basis upon which the statute of limitation set forth in I.C. § 19-4902(a) was tolled, we affirm the district court's summary dismissal of Block's application. No costs or attorney fees awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

---

675 (Ct. App. 2010) (holding that the time to file a notice of appeal from the judgment of conviction begins to run at the expiration of the retained jurisdiction period). Therefore, under I.A.R. 14 prior to the 2011 amendment, the forty-two days permitted for filing an appeal in Block's case commenced on November 26, 2008, the date the district court placed Block on probation. The result would not have been different under the rule prior to the 2011 amendment.