91 P.3d 1142

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Marcel James DIGGIE, Defendant–Appellant.**

**No. 29198.**

Court of Appeals of Idaho.

May 24, 2004.

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

WALTERS, Judge Pro Tem.

Marcel James Diggie pled guilty to burglary of a vehicle. The district court retained jurisdiction for 180 days, and eventually placed Diggie on probation. Subsequently, the court revoked Diggie's probation and ordered his full sentence into execution. Diggie appealed. We affirm the district court's order revoking Diggie's probation because the district court did not have jurisdiction to remove Diggie from the custody of the Department of Correction and to grant him probation in the first instance.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2001, Diggie entered a vehicle belonging to another person and took several items. The owner confronted Diggie, who fled the scene of the burglary. The owner called the police and Diggie was apprehended shortly thereafter. In July, Diggie pled guilty to burglary, a felony violation of Idaho Code § 18–1401, in exchange for dismissal of a persistent violator allegation. In late August, the district court sentenced Diggie to a unified sentence of ten years, with five years determinate. The court retained jurisdiction for 180 days, pursuant to I.C. § 19–2601(4).

Diggie next appeared in court in October 2002, fourteen months after sentence was imposed upon him. The Department of Correction had submitted no recommendation with regard to placing Diggie on probation. The district court suspended the unified sentence and placed Diggie on probation for ten years. As a term of this probation, Diggie was required to reside in the Bannock County jail while waiting for a bed in an inpatient substance abuse program. In early November, a probation officer gave a progress report to the court indicating that Diggie was uncooperative, having refused to initial twelve of the sixteen terms of probation which were expressly stated in the order imposing probation. A hearing was held in late November. At this hearing, the district court warned Diggie to cooperate with the probation office and improve his attitude. However, after the hearing, in the hallway outside the courtroom, a verbal altercation of some kind took place between Diggie and either his former defense counsel, his probation officer or an Idaho State trooper. A hearing was held two days following this altercation. At this hearing, the district court revoked probation and imposed the unified sentence of ten years, with five years determinate, and gave credit for all time served during the retained jurisdiction and probation. Diggie appeals.

## II.

### ANALYSIS

Diggie appeals from the order revoking probation and executing the original

sentence, asserting: (1) the district court's findings of fact are incomplete and clearly erroneous; (2) the district court failed to demonstrate that he violated any term or condition of his probation, or committed any other act which justified revoking his probation; and (3) the district court deprived him of due process by the procedure through which his probation was revoked. In reply, the state argues that the district court was without jurisdiction to suspend Diggie's sentence because of the passage of time. The state's argument was not raised below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, the question of jurisdiction is fundamental, and may be brought to the court's attention at any time. *State v. Lundquist*, 134 Idaho 831, 835, 11 P.3d 27, 31 (2000); see also I.C.R. 12(b)(2).

Sentence was imposed against Diggie in late August 2001. The care, custody and control of persons convicted of crimes and sentenced to imprisonment is given to the executive branch of the Idaho state government, specifically to the State Board of Correction. *See* Idaho Const. art. X, § 5; Idaho Code §§ 19–2513; 20–101, –219, –223. This power is subject to legislative law-making authority. Idaho Const. art. X, § 5. Section 19–2601(4) allows the court and the Board to exercise concurrent authority over an offender for a limited period of time. *State v. Williams*, 126 Idaho 39, 878 P.2d 213 (Ct.App.1994). Accordingly, the district court retained jurisdiction over Diggie pursuant to I.C. § 19–2601(4), which states in relevant part that a court has discretion to:

> Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court.

The statute expressly provides that the court may retain jurisdiction for 180 days and that the prisoner will remain committed to the Board of Correction unless affirmatively placed on probation by the court. It has been long recognized that passage of the 180 days causes the retained jurisdiction to expire. *See State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977); *Belknap v. State*, 98 Idaho 690, 571 P.2d 336 (1977). Nevertheless, Diggie argues that although the 180 days did expire, the purpose of the retained jurisdiction program should be considered by this Court. The principal purpose of retained jurisdiction is to provide a period for evaluation of the offender's potential for rehabilitation and suitability for probation. *Thorgaard v. State*, 125 Idaho 901, 904, 876 P.2d 599, 602 (Ct.App.1994).

By the terms of the statute, the district court's retained jurisdiction would have expired in late February 2002. According to a finding made in the district court's December 6, 2002, order revoking Diggie's probation, "On the 10th day of July, 2002, the Court received a letter from the Idaho Department of Corrections advising that during the [Reception and Diagnostic Unit] process, it was determined that the Defendant's placement at NICI was not appropriate. He was therefore classified as a close custody inmate and housed at the Idaho Maximum Security Institution, and no recommendation was made." Notwithstanding this notification from the Department, in October 2002, the district court suspended Diggie's sentence and placed Diggie on probation.

Diggie argues that Section 19–2601(4) and Idaho Criminal Rule 35 are similar, both giving the court additional time to determine a proper sentence for a defendant. Under Rule 35, a defendant has 120 days to move the court for reduction of a sentence. Idaho case law has interpreted this Rule to incorporate a reasonable period after the 120 days during which the court has jurisdiction to rule on the motion for reduction of sentence. We distinguish I.C. § 19–2601(4) from Rule 35. Rule 35 does not expressly extend the district court's jurisdiction to a specific number of days. Instead, Rule 35 allows the defendant 120 days to *file* a motion for relief. To give effect to the Rule, it is necessary that

a court have jurisdiction to rule on the motion on days past the filing period. Therefore, jurisdiction to rule on a Rule 35 motion exists for a reasonable period of time. Unreasonable delay causes the district court to lose jurisdiction. The time limit in Rule 35 is a limit on the period in which a defendant may file his motion. It is not an express limitation on jurisdiction.

We deem it unnecessary to hold in this case that a sentencing court may never make a decision to place a defendant on probation within a reasonable time after the 180–day period of retained jurisdiction has expired where extraordinary circumstances exist that may explain or justify court action beyond the statutorily established period. In this case, there is no apparent extraordinary circumstance to consider. It is clear from the record that the district court was aware by at least July 2002 that the Department of Correction had decided not to place Diggie in the rider program at NICI for evaluation but rather to retain him at the maximum security facility in the SICI and not to render a recommendation to the district court, which ordinarily would be done in accordance with I.C. § 19–2601(4). It is further clear that a recommendation from the Department of Correction is not a condition precedent to the exercise by the court of its retained authority to place a defendant on probation. Under these circumstances, we hold that by October 8, 2002, when the district court entered its order suspending Diggie's sentence and releasing him on probation, the district court's jurisdiction under I.C. § 19–2601(4) had already expired. Furthermore, when a lower court revokes probation after releasing a defendant on probation without having jurisdiction to place the defendant on probation, the order revoking probation will be affirmed. *State v. Heyrend,* 129 Idaho 568, 929 P.2d 744 (Ct.App.1996).

## III.

### CONCLUSION

The district court retained jurisdiction pursuant to Idaho Code § 19–2601(4) during late August 2001. The retained jurisdiction period had expired by October 2002, and divested the district court of jurisdiction to enter orders relating to Diggie's sentence. Because the district court lacked jurisdiction to remove Diggie from the custody of the Board of Correction and to place Diggie on probation in the first instance, we affirm the order revoking probation and ordering into execution the previously imposed sentence.

Chief Judge LANSING and Judge PERRY concur.