IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37467

| STATE OF IDAHO, | ) | 2011 Opinion No. 32 |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Filed: May 23, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRICK THOMAS DICKSEN, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order imposing second period of retained jurisdiction, vacated; order suspending sentence and imposing term of probation, vacated.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant.  Lori A. Fleming argued.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for respondent.  Eric D. Fredericksen argued.

_____

GRATTON, Chief Judge

The district court placed Patrick Thomas Dicksen on probation for twenty-six hours following a period of retained jurisdiction (rider).  Thereafter, the court unilaterally revoked Dicksen's probation and placed him on a second rider.  The State appeals from the district court's order contending that the court ordered a sham probation in order to circumvent the jurisdictional limits of Idaho Code § 19-2601(4).

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

Dicksen was charged with two counts of statutory rape.  Pursuant to a plea agreement, Dicksen pled guilty to an amended charge of felony injury to a child, and the State agreed to dismiss the remaining count.  On August 26, 2009, the district court entered a judgment of conviction and imposed a unified sentence of three years, with one year being determinate, and

1

retained jurisdiction for a period of 180 days. Near the conclusion of the retained jurisdiction period, which was set to expire on February 22, 2010, the district court received a review report from the North Idaho Correctional Institution (NICI) recommending that the court relinquish jurisdiction.

At a review hearing held on February 4, 2010, the State argued that the Department of Correction's recommendation to relinquish jurisdiction was reasonable in light of Dicksen's disciplinary problems, as well as the inability to identify his risk factors for sexual re-offense. Dicksen acknowledged his disciplinary offenses, but argued that he had completed a number of programs while at NICI and was making progress, and that he had a positive support group that would help him successfully complete probation. After hearing the parties' arguments, the district court advised Dicksen that it was not willing to place him on probation or relinquish jurisdiction. Consequently, the court concluded that it would place Dicksen on probation for twenty-six hours, revoke probation, and immediately send Dicksen on a second rider.

The following day, on February 5, 2010, the district court entered a written order entitled "Retained Jurisdiction Disposition and Notice of Right to Appeal," in which the court noted that Dicksen had been placed on probation for a period of twenty-six hours upon the following term and condition: "You shall remain in custody at the Kootenai County Jail, and you shall obtain a recommendation for probation from Brad Lutz, Program Manager at North Idaho Correctional Institution, by no later than 5:00 p.m. on February 5, 2010." The court found Dicksen to be in violation of his probation by "[h]aving failed to provide such documentation by 5:00 p.m. on February 5, 2010."[1] Based upon this violation, the district court revoked Dicksen's probation, ordered him "committed to the custody of the Idaho State Board of Correction," and retained jurisdiction a second time. The State appealed.[2]

## II.

## ANALYSIS

The State argues that the district court could not extend its jurisdiction by ordering a sham probation, following the initial period of retained jurisdiction, for the sole purpose of

---

[1]     The court, however, entered its order at 2:00 p.m.

[2]     Following the State's appeal, the district court, on July 15, 2010, suspended Dicksen's sentence following his second rider and placed him on probation for a period of five years.

circumventing the jurisdictional limitation of I.C. § 19-2601(4), which prohibits the ordering of consecutive periods of retained jurisdiction without an intervening period of probation. At the review hearing, after the State had argued that the district court should follow the Department's recommendation and relinquish jurisdiction, and Dicksen had argued that the court should place him on probation, the court issued its ruling, stating:

> Mr. Dicksen, I am -- I'm not willing to put on you probation, and, on the other hand, I'm not willing to just walk away from this and relinquish jurisdiction, so here's what I'm gonna do, and both parties can do what they want to do with this decision.
>
> I'm going to place you on probation for twenty-four hours. I'm going to revoke it tomorrow night at five, then I'm going to send you on another rider. Right now I don't have the ability, according to Idaho case law, to do a consecutive retained jurisdiction. If between now and tomorrow at five you or your attorney gets a letter based on this dismissal that their recommendation's changing, then I'd be happy to reconsider my decision, but unless I hear differently, I'm going to send you on a second period of retained jurisdiction starting tomorrow night at five o'clock in the afternoon, and so I expect you to go back to Cottonwood, and I expect you to obey their rules this time around.
>
> There -- I appreciate your sincerity in wanting to do well, but you didn't do anything in the last, uh, six months to indicate by a track record that you will do well. The offense in question is serious enough that I can't put society at risk if you haven't really learned how to change your behavior, so for those reasons I'm simply not willing to place you on probation, and I may not see a perfect rider six months from now, but I expect to see close to one, and I expect to see one that recommends probation.
>
> Otherwise, you will finish out your prison sentence, and I'm worried that with this crime, injury to children, that if I were to just relinquish jurisdiction that you would not fare well with the parole board and that you'd wind up doing your entire three years if I just relinquished jurisdiction.
>
> I think you are making progress in a very limited way here, and I expect to see a dramatic increase in that progress in the next six months, so do you have any questions about my decision?

The State inquired as to the court's decision and whether there were any conditions to the probation. The court responded, "That he remain in custody for the next twenty-four hours until five o'clock and, uh, do what he can to try and set aside this APSI that says relinquish jurisdiction." The court informed Dicksen of his right to appeal and noted, "I can think of a lot of good reasons why everybody would want to appeal this decision, but it's the only common sense approach I can bring to the present status of the case law."

3

The State contends that the district court's attempt to extend its jurisdiction in this manner was unlawful because the plain language and purpose of I.C. § 19-2601(4) clearly contemplates an intervening period of probation, complete with accompanying guarantees of due process, not a sham probation period ordered for the purpose of placing the defendant on a second period of retained jurisdiction. Dicksen contends that because the State failed to object below, this Court may only consider the merits of the State's argument if the district court's order was entered without subject matter jurisdiction. Dicksen asserts that even if the court ordered a sham probation, such an order would only exceed its statutory authority, not its jurisdiction, because it acted within the 180 days and, thus, the State cannot raise this issue for the first time on appeal.

Dicksen's arguments miss the mark. The State did not appeal from the district court's order placing Dicksen on the twenty-six-hour probation.[3] Rather, the State appealed from the order sending Dicksen on a second rider, and the issue on appeal hinges on whether the district court violated I.C. § 19-2601(4) when it issued that order. The order was entered without a hearing or opportunity to object. Therefore, we will address the merits of the State's arguments.[4]

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and

---

[3]     The State or Dicksen could have appealed from this order, but chose not to do so.

[4]     While the court certainly presaged the second rider order at the hearing the day before, the court only entered the probation order at that time. The court could, conceivably, have taken some further action regarding the probation order prior to ordering the second rider. The State could not have objected to the second rider order until it was entered. However, the court, without hearing or opportunity to object, unilaterally entered the second rider order.

4

give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code § 19-2601 governs commutation, suspension, and withholding of sentences and includes subsections on retained jurisdiction and probation. At the time that the district court placed Dicksen on the twenty-six-hour probation, I.C. § 19-2601(4) provided, in relevant part:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:
>
> . . . .
> 4. Suspend the execution of the judgment at any time during the first one hundred eighty (180) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for the first one hundred eighty (180) days or, if the prisoner is a juvenile, until the juvenile reaches twenty-one (21) years of age. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court. In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the one hundred eighty (180) day period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired. Placement on probation shall be under such terms and conditions as the court deems necessary and expedient. The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction after a defendant has been placed on probation in a case. . . . Probation is a matter left to the sound discretion of the court. . . .

I.C. § 19-2601 (2005).[5]

The parties do not dispute that I.C. § 19-2601(4) allows a district court to place a defendant on a second period of retained jurisdiction after a period of probation. Indeed, the

---

[5]     Idaho Code § 19-2601(4) has since been amended to extend the retained jurisdiction period from 180 days to 365 days. *See* 2010 Idaho Sess. Laws, ch. 350, § 1.

Idaho Supreme Court recently held that "[t]he plain language of section 19-2601(4) unconditionally requires an intervening period of probation prior to ordering an additional period of retained jurisdiction." *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010); *see also State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010) (holding that the "plain meaning of 'after a defendant has been placed on probation in a case' from I.C. § 19-2601(4) leads us to conclude that a district court may order a second period of retained jurisdiction only after a defendant has been placed on an intervening period of probation").

In *Urrabazo*, the Idaho Supreme Court acknowledged that "[a]fter a person is convicted of a crime, a district court is empowered with several sentencing options," including "imposing a sentence and retaining jurisdiction for a statutory period." *Urrabazo*, 150 Idaho at 161, 244 P.3d at 1247. The Court noted that the "purpose of this period of retained jurisdiction is to provide an evaluation 'of the offender's potential for rehabilitation and suitability for probation.'" *Id.* (quoting *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (2004)). However, the Court also recognized that "pursuant to I.C. § 19-2601(4), a court may only retain jurisdiction for up to 180 days, except in special circumstances when a court may take up to 30 additional days to make its ultimate sentencing decision." *Urrabazo*, 150 Idaho at 161, 244 P.3d at 1247 (footnote omitted). In other words, once a court has retained jurisdiction for the statutory period, its statutory alternatives at that point are to either relinquish jurisdiction or place the defendant on probation or, in extraordinary circumstances, extend its jurisdiction for "a reasonable time, not to exceed thirty (30) days, after the one hundred eighty (180) day period of retained jurisdiction has expired." I.C. § 19-2601(4).

The *Urrabazo* Court also addressed Urrabazo's argument that interpreting I.C. § 19-2604(1) to require an intervening period of probation between periods of retained jurisdiction would lead to an absurd result "because courts may grant 'probation for a brief period of time with a condition of probation that will necessarily be violated, and then revoke probation, simply to order a second period of retained jurisdiction in order to get all of the necessary information for an informed sentencing decision.'" *Urrabazo*, 150 Idaho at 162, 244 P.3d at 1248. The Court rejected this argument, concluding:

> [W]hen a district court is not satisfied, after an initial period of retained jurisdiction, that a defendant is ready to integrate back into society under the less supervised conditions of probation, the statute, by its own terms, affirmatively places the defendant under the control of the Department of Correction. *See* I.C.

§ 19-2601(4) ("The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court."). If probation is granted, the district court may not revoke the same on its own. The defendant may challenge unreasonable conditions of probation. The Department of Correction must allege and show a violation of the terms of probation at a hearing before the court. It is highly unlikely that a sham probation would be granted merely to allow a second rider. It is not absurd for the Legislature to have concluded that a prisoner should commence serving his sentence if the court does not feel certain enough to order probation.

*Urrabazo*, 150 Idaho at 162, 244 P.3d at 1248.

This is that hypothetical case discussed in *Urrabazo*. It is clear in this case that the district court was not satisfied, after Dicksen's first rider, that he was "ready to integrate back into society under the less supervised conditions of probation." *Id.* Nevertheless, the court's order purported to place Dicksen on probation for a period of twenty-six hours. The State argues, however, that the probation ordered in this case did not bear any of the "hallmarks" of an actual probationary sentence. The State contends that the court did not impose any terms or conditions of probation reasonably related to Dicksen's rehabilitation, and that the term requiring him to obtain a recommendation for probation was impossible for him to satisfy.

Idaho Code § 19-2601 gives the trial court discretion to suspend a defendant's sentence, retain jurisdiction, and ultimately place the defendant on probation "under such terms and conditions as the court deems necessary and expedient." I.C. § 19-2601(4). The statute does not, however, provide the trial court with authority to impose arbitrary or unreasonable conditions. *State v. Wakefield*, 145 Idaho 270, 273, 178 P.3d 635, 638 (Ct. App. 2007). The purpose of probation is to give the defendant an opportunity to be rehabilitated under proper control and supervision. *Id.* Thus, a condition of probation must be reasonably related to the purpose of probation, which is rehabilitation. *State v. Sandoval*, 92 Idaho 853, 860-61, 452 P.2d 350, 357-58 (1969). Moreover, a condition of probation impossible of fulfillment is improper. *Id.* at 861, 452 P.2d at 378; *see also Wakefield*, 145 Idaho at 274, 178 P.3d at 639 ("Certainly a condition of probation that sets a probationer up for near-certain failure can not [sic] be said to be reasonably related to the ultimate goal of rehabilitation."). A defendant "may challenge unreasonable conditions of probation." *Urrabazo*, 150 Idaho at 162, 244 P.3d at 1248. Before the district court can revoke probation, the Department of Correction must allege and show a violation of the terms of probation at a hearing before the court. *See id.* In other words, because a probationer has a protected liberty interest in continuing probation, he or she is entitled to due

7

process before probation may be revoked. *State v. Rose*, 144 Idaho 762, 766, 171 P.3d 253, 257 (2007); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Idaho Code § 19-2601(4) clearly requires a *legitimate* intervening period of probation prior to ordering an additional period of retained jurisdiction. *See Urrabazo*, 150 Idaho at 162, 244 P.3d at 1248.

In this case, the district court explicitly told Dicksen that it was "simply not willing to place [him] on probation." However, the court was also wary about relinquishing jurisdiction out of a concern that the parole board would require Dicksen to serve his entire sentence. The court clearly understood that it did not have the ability to order a second consecutive period of retained jurisdiction and, as such, purported to place Dicksen on probation for twenty-six hours for the sole purpose of sending him on a second rider. Only upon inquiry by the State did the court indicate that there were terms of probation, which consisted of Dicksen remaining in custody and attempting to obtain a recommendation of probation from the director at NICI. The Department of Correction did not allege a violation of probation, and a hearing was not held. Rather, the court, knowing that it had imposed a condition which would necessarily result in a failure, ordered, in form and effect, a second consecutive rider, which it knew it could not do. It is apparent that the "unlikely" scenario envisioned by the *Urrabazo* Court, i.e., granting a sham probation merely to allow a second rider, is exactly what occurred in this case.

We conclude that because the district court failed to place Dicksen on a legitimate intervening period of probation as contemplated by I.C. § 19-2601(4), it did not have the authority to order a second rider. *See Urrabazo*, 150 Idaho at 160-62, 244 P.3d at 1246-48. Consequently, Dicksen was under the affirmative control of the Department of Correction upon expiration of the initial 180-day period of retained jurisdiction, on February 22, 2010. *See id.* at 163, 244 P.3d at 1249; I.C. § 19-2601(4) ("The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court."). Therefore, the court's subsequent order of July 15, 2010, purporting to suspend Dicksen's sentence and place him on probation for five years is void for want of subject matter jurisdiction.

## III.

## CONCLUSION

The district court's order placing Dicksen on a twenty-six-hour probation was not a legitimate intervening period of probation as contemplated in I.C. § 19-2601(4). The district court's order purporting to place Dicksen on a second rider exceeded its statutory authority and

8

is, therefore, vacated. The district court's order suspending Dicksen's sentence and placing him on probation is void.

Judge LANSING and Judge MELANSON **CONCUR.**