**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38367**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 307** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 4, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TIMOTHY JASON DUNBAR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order relinquishing jurisdiction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Timothy Jason Dunbar pleaded guilty to possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a), and in return, the State dismissed a charge of driving under the influence. The district court imposed a unified four-year sentence with a two-year determinate term and placed Dunbar on probation. Subsequently, Dunbar admitted to violating several terms of his probation. The district court revoked probation and ordered execution of the original sentence but retained jurisdiction pursuant to Idaho Code § 19-2601(4). In doing so, the court stated that it was retaining jurisdiction "for evaluation only." The court continued:

> And by that ["for evaluation only"] what I mean is that I'm not promising probation when you come back. Even if you have a perfect rider, I'm not promising you probation. I--my intent at this point is for me to retain jurisdiction

1

to insure that you get programming, that you actually get some programming.
But I'm not promising probation when you come back.

After the district court entered its order retaining jurisdiction, the Department of Correction placed Dunbar at the Correctional Alternative Placement Program (hereinafter "CAP Program") for service of his rider. While in the CAP Program, Dunbar participated in, and ultimately successfully completed, a number of classes; but he was never offered, and therefore never participated in or completed, several rehabilitation programs recommended by the district court. Based on Dunbar's performance in the three-month CAP Program, the Idaho Department of Correction recommended that Dunbar be placed on probation.

At the initial rider review hearing, the district court expressed concern that Dunbar had not received necessary programming in the CAP Program, reminded Dunbar that the court had retained jurisdiction "for evaluation only," and told him that the court was not bound by the IDOC's recommendation of probation. After expressing further reservations about Dunbar's suitability for probation, the court continued the hearing for one week to allow the court to give further thought to the matter and to allow Dunbar to present a probation plan. At the conclusion of the subsequent hearing, the court relinquished jurisdiction and ordered Dunbar's sentence executed. On appeal, Dunbar argues that the court abused its discretion when it ordered an "evaluation only" period of retained jurisdiction, and when it relinquished jurisdiction because the court was dissatisfied with the programming provided by the IDOC during Dunbar's rider.

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). It follows that a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). The standards governing the trial court's decision and our review were explained in *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998):

> Refusal to retain jurisdiction will not be deemed a clear abuse of discretion if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under [the statute]. While a Review Committee report may influence a court's decision to retain jurisdiction, it is purely advisory and is in no way binding upon the court. Idaho Code § 19-2521 sets out the criteria a court must consider when deciding whether to grant probation or impose

2

imprisonment. . . . A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with [the § 19-2521] standards.

*Id.* at 648, 962 P.2d at 1032 (citations and internal quotation marks omitted).

The purpose of a period of retained jurisdiction is to provide an evaluation of the offender's potential for rehabilitation and suitability for probation. *State v. Urrabazo*, 150 Idaho 158, 161, 244 P.3d 1244, 1247 (2010); *State v. Diggie*, 140 Idaho 238, 240, 91 P.3d 1142, 1144 (Ct. App. 2004); *State v. Goodlett*, 139 Idaho 262, 263-64, 77 P.3d 487, 488-89 (Ct. App. 2003). *See also State v. Lutes*, 141 Idaho 911, 915, 120 P.3d 299, 303 (Ct. App. 2005) ("The primary purpose of the retained jurisdiction program is to enable the trial court to gain additional information regarding the defendant's rehabilitative potential and suitability for probation.") This evaluation necessarily includes observation of Dunbar's performance in classes and programming. Since the very purpose of the retained jurisdiction program is to provide the court with an evaluation of the offender's potential for rehabilitation and suitability for probation, it plainly was not an abuse of the district court's discretion to retain jurisdiction "for evaluation only."

Dunbar argues, however, that the district court's retention of jurisdiction for evaluation only amounted to "sending a defendant on a period of retained jurisdiction for the sole purpose of getting additional programming on the way to prison." This characterization and argument is not borne out by the record. Although the district court indicated its desire that Dunbar would receive certain programming while on retained jurisdiction, the court never indicated that it would not consider placing Dunbar on probation at the end of the retained jurisdiction period. To the contrary, the court simply advised Dunbar that it was not *promising* him probation even if he successfully completed his rider. It is well settled that a court is not bound, either by the recommendation of the IDOC or by the defendant's good performance in the retained jurisdiction program, to place the defendant on probation at the end of the retained jurisdiction period. *State v. Hurst*, 151 Idaho 430, 438, 258 P.3d 950, 958 (Ct. App. 2011); *Lutes*, 141 Idaho at 915-16, 120 P.3d at 303-04. Therefore, the court did not abuse its discretion by cautioning Dunbar that even good performance during retained jurisdiction would not guarantee that he would receive probation. Further, it is clear from the record that the court did not refuse to consider probation for Dunbar. To the contrary, the court even continued the rider review

hearing in order to give further thought to the issue and to allow Dunbar to submit a probation plan before the court rendered a decision.

Even if the district court had retained jurisdiction solely for the purpose of ensuring that Dunbar received certain programming at the outset of his term of imprisonment, that would not have been an abuse of discretion. At least in circumstances where the court has not agreed to retain jurisdiction as a term of a binding plea agreement,[1] there is no requirement, by statute or case law, that a court actually contemplate eventually placing a defendant on probation when it exercises its authority to retain jurisdiction. *See* Idaho Code § 19-2601(4).

Dunbar next argues that the district court acted outside the boundaries of its discretion "by ignoring separation of powers by not respecting the programming choices of the Department of Correction." Dunbar argues that it is within the sole discretion of the IDOC to determine programming for each offender in the retained jurisdiction program, and for the court to relinquish jurisdiction because it does not agree with the programming decision of the IDOC constitutes a violation of the separation of powers. This argument is without merit. The district court did not attempt to usurp any authority of the IDOC. Rather, the record shows that the court relinquished jurisdiction based upon its review of Dunbar's extensive criminal history, his abysmal performance while on probation, and the court's determination that the programming Dunbar received was unlikely to have reformed him and prepared him for success on probation.

The record in this case shows that the district court properly considered the information before it, including Dunbar's performance during retained jurisdiction and the IDOC recommendation of probation, and determined that probation was not appropriate. We therefore hold that the district court did not abuse its discretion in relinquishing jurisdiction.

The district court's order relinquishing jurisdiction is affirmed.

---

[1]     *See Lutes*, 141 Idaho at 915, 120 P.3d at 303.