**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39494**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 652 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SEAN CHRISTOPHER BRUMFIELD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Appeal from order revoking probation and reinstating previously suspended sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Sean Christopher Brumfield pled guilty to burglary, I.C. § 18-1401. The district court imposed a unified sentence of five years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Brumfield on probation. On December 16, 2009, this probation was revoked and the suspended sentence was ordered into execution. Pursuant to I.C. §19-2601(4), the district court retained jurisdiction for 180 days.[1] On June 22, 2010, the district court entered an order suspending Brumfield's

_____

[1]     Idaho Code Section 19-2601(4) has since been amended to provide for a 365-day period of retained jurisdiction. *See* 2010 Idaho Sess. Laws, ch. 350, § 1, p. 913.

sentence and placing him on probation. On December 16, 2011, after Brumfield admitted to violating several terms of the probation, the district court revoked probation and ordered execution of the suspended sentence. Brumfield appeals.

Brumfield argues that the district court abused its discretion when it revoked his probation on December 16, 2011. The district court entered the June 22, 2010, order more than 180 days after the district court revoked Brumfield's probation, ordered the suspended sentence into execution, and retained jurisdiction. Upon the expiration of the 180-day time period, the district court lost jurisdiction to place Brumfield on probation. *See State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005). Because the district court lacked jurisdiction to remove Brumfield from the custody of the Board of Correction and place him on probation, we affirm the order revoking probation and ordering execution of the previously imposed sentence. *State v. Diggie*, 140 Idaho 238, 241, 91 P.3d 1142, 1145 (Ct. App. 2004).

Even if we were to address the merits of Brumfield's appeal, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by revoking probation and ordering execution of Brumfield's suspended sentence. Therefore, the district court's December 16, 2011, order revoking probation and reinstating Brumfield's previously suspended sentence is affirmed.