IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40032

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 388 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 6, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM PAUL LAGE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order revoking probation and requiring execution of unified three-year sentence with two-year determinate term for drawing a check without funds, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

PER CURIAM

On November 12, 2009, the district court entered a judgment convicting William Paul Lage of drawing a check without funds, Idaho Code § 18-3106(a), and imposed a unified three-year sentence with two years determinate. The court also retained jurisdiction for 180 days. The period of retained jurisdiction expired on May 11, 2010. On May 18, 2010, the court entered an order suspending Lage's sentence and placing him on probation. On April 26, 2012, having found that Lage had violated his probation, the court revoked probation and ordered execution of the underlying sentence. Lage appeals from the order revoking probation.

1

At the time of Lage's conviction, I.C. § 19-2601(4) authorized a court that had sentenced a defendant to the custody of the State Board of Correction to retain jurisdiction over the defendant for a period of 180 days, within which period the court could suspend the sentence and place the defendant on probation. In this case, the district court's order placing Lage on probation was not made within that 180-day period.[1]

On appeal, Lage acknowledges that the district court had lost jurisdiction on May 11, 2010, and therefore its order purporting to place him on probation was a nullity. *See State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005) ("Because the 180-day period of retained jurisdiction expired without the district court affirmatively placing the Defendant on probation, the Defendant remained committed to the custody of the Idaho Board of Correction. The district court's judgment placing the Defendant on probation was therefore void because the court no longer had jurisdiction."). Because the district court here had no jurisdiction to place Lage on probation in the first instance, it likewise had no jurisdiction to continue him on probation in April 2012, as Lage asserts the court should have done.[2]

The district court did not possess jurisdiction to reinstate Lage's probation on April 26, 2012. Lage therefore has shown no error in the district court's refusal to do so in its order revoking probation on that date. The order revoking probation effectively remedied the district court's earlier error in granting probation after the period of retained jurisdiction had expired.

---

[1]     Idaho Code § 19-2601(4) also then provided that in "extraordinary circumstances" where the court was unable to evaluate the relevant information or concluded that a hearing was required and was unable to obtain the defendant's presence for such a hearing within the 180-day period, the court could render its decision whether to place the defendant on probation or release jurisdiction within thirty days after expiration of the 180-day period. However, the district court here did not invoke this "extraordinary circumstances" provision, nothing in the record reveals any basis for extending the time beyond 180 days, and Lage does not contend on appeal that such an extension occurred.

[2]     The State has argued that because Lage did not file his notice of appeal until June 1, 2012, more than two years after the district court lost jurisdiction, his notice of appeal is untimely and must be dismissed. The State is wrong. Lage is not appealing from the judgment of conviction, from the original order placing him on probation, or from the expiration of the trial court's jurisdiction; he is appealing from the April 26, 2012, order revoking his probation. His appeal from that order is timely under Idaho Appellate Rule 14. The fact that a trial court's order was entered without jurisdiction does not make it unreviewable and hence uncorrectable merely because no appeal was filed years before the challenged order was even entered.

Therefore, we uphold the district court's order, albeit on grounds that differ from the district court's rationale.

The order revoking probation is affirmed.