IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40077 & 40078

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 636 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON LEONARD WILLIAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Appeal from order revoking probation and reinstating previously suspended sentences, dismissed; order revoking probation and reinstating previously suspended unified five-year sentence with two-year determinate term for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40078, Jason Leonard Williams pled guilty to burglary, I.C. § 18-1401, and aiding and abetting grand theft, I.C. § 18-2403(1). The district court sentenced Williams to a unified term of four years, with a minimum period of confinement of two years, for burglary and a concurrent unified term of eight years, with a minimum period of confinement of two years for aiding and abetting grand theft. However, the district court retained jurisdiction for 180 days. Thereafter, approximately 233 days later, the district court suspended Williams' sentence and placed him on probation.

1

In Docket No. 40077, Williams pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and the district court imposed a unified sentence of five years, with a minimum period of confinement of two years, to run concurrent with Williams' sentences in Docket No. 40078. The district court revoked Williams' probation in Docket No. 40078, but retained jurisdiction in both cases. Following Williams' rider, the district court suspended the sentences and placed Williams on probation. Williams violated the terms of his probation, and the district court revoked probation and again retained jurisdiction in both cases. Once again, the district court suspended Williams' sentences and placed him back on probation. Probation was subsequently revoked and the suspended sentences ordered into execution. Williams filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Williams appeals, challenging the excessiveness of his sentences and the Idaho Supreme Court's order denying the augmentation of transcripts on appeal.

A.      **Probation Revocation in Docket No. 40078**

We consider first the state's argument that Williams cannot obtain relief because the district court had no jurisdiction to place Williams on probation following his rider in Docket No. 40078. The state is correct. Furthermore, Williams, in his appellant's brief, also acknowledges that the district court lost jurisdiction in this case.

Williams' judgment of conviction was entered on November 8, 2004, and on June 30, 2005, the district court entered an order suspending Williams' sentence. The district court's jurisdiction ceased to exist on May 7, 2005, and Williams automatically came under the control of the Department of Correction. *See State v. Petersen*, 149 Idaho 808, 31, 121 P.3d 961, 962 (Ct. App. 2010). Because the district court lost jurisdiction on May 7, 2005, all subsequent proceedings in Williams' case would have been a legal nullity. *See Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010). Any attempt to place a defendant on probation after the expiration of the statutorily authorized review period is void. *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005). Therefore, the district court did not have jurisdiction to place Williams on probation. Accordingly, his appeal is dismissed as untimely.

B.      **Denial of Motion to Augment Record**

Williams asks this Court to hold that the Idaho Supreme Court deprived him of due process equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an

2

Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Williams has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Williams asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion.

Although in *Morgan* we held a challenge to an Idaho Supreme Court denial of a motion to augment the record is beyond the scope of our authority to review without a renewed motion, Williams asserts that this Court indeed has the authority to address the due process and equal protection issues on appeal. He claims that such authority is implicit in the grant of authority found in Idaho Appellate Rule 108. In fact, Williams argues that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110.

Rule 108(a) states that the "Court of Appeals shall hear and decide all cases assigned to it by the Supreme Court." The rule also contains a list of the types of cases that will not be assigned to the Court of Appeals. *See* I.A.R. 108(a). Williams asserts that, because the constitutional issues raised in his appellant's brief do not fall within the list of cases not to be assigned to the Court of Appeals, this Court has the authority to address the issues. In other words, the assignment of this case to the Court of Appeals functions as an implicit grant of

3

authority from the Supreme Court to review his claims about the constitutionality of the Supreme Court's decision to deny his request for additional transcripts.

We recognize that Rule 108 requires this Court to decide all cases assigned by the Supreme Court. However, we do not deem this grant of authority to be as broad as Williams would interpret it. Idaho Code Section 1-2402 states this Court is subordinate to the Idaho Supreme Court. Idaho Code Section 1-2403 further states this Court is subject to administration and supervision by the Supreme Court pursuant to Article 5, Section 2 of the Idaho Constitution. When read in conjunction with I.C. § 1-2406(1), which closely mirrors the wording in Rule 108,[1] we must conclude, as we did in *Morgan*, that it is plainly beyond our scope of authority to review a decision made by the Supreme Court before assignment of the case to this Court. We will not address the issue of a denied motion to augment the record made before the Supreme Court absent some basis for renewing the motion. As we have previously stated, this may occur via a renewed motion with new evidence to support it filed with this Court, or the presentation of refined, clarified, or expanded issues on appeal that demonstrates the need for additional records or transcripts, in effect renewing the motion.

This brings us to Williams' argument that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110. Rule 30(a) reads as follows:

> Any party may move the Supreme Court to augment or delete from the settled reporter's transcript or clerk's or agency's record. . . . Any party may within fourteen (14) days after service of the motion, file a brief or memorandum in opposition thereto. Unless otherwise expressly ordered by the Supreme Court such motion shall be determined without oral argument. The reporter's transcript and clerk's or agency's record may also be augmented or portions deleted by stipulation of the parties and order of the Supreme Court. The filing of a motion to augment shall not suspend or stay the appellate process or the briefing schedule.

Additionally, Rule 110 provides:

---

[1]    Idaho Code Section 1-2406(1) provides:

> Any provision of law to the contrary notwithstanding, the Idaho court of appeals shall have jurisdiction to hear and to decide all cases assigned to it by the Idaho supreme court; provided, that the supreme court shall not assign cases invoking the supreme court's original jurisdiction, nor appeals from imposition of sentences of capital punishment in criminal cases, nor appeals from the industrial commission, nor appeals from the public utilities commission.

> All motions, petitions, briefs and other appellate documents, other than the initial notice of appeal, shall be filed with the Clerk of the Supreme Court as required by the Idaho Appellate Rules with the court heading of the Supreme Court of the State of Idaho as provided by Rule 6. There shall be no separate filings directed to or filed with the Court of Appeals. In the event of an assignment of a case to the Court of Appeals, the title of the proceeding and the identifying number thereof shall not be changed except that the Clerk of the Supreme Court may add additional letters or other notations to the case number so as to identify the assignment of the case. All case files shall be maintained in the office of the Clerk of the Supreme Court.

Williams argues that these rules function to require all motions to be filed with the Supreme Court and states he is "not aware of any court rule which allows a party to an appeal to file a motion directly with the Court of Appeals." Rather, he contends a filing of a renewed motion to augment the record is expressly prohibited by the rules.

We reject that interpretation of the rules because we recognize this to be contrary to the grant of authority in Idaho Appellate Rule 101. Rule 101 provides that the "Idaho Appellate Rules shall apply to all proceedings in the Court of Appeals as well as the following rules." By way of Rule 101, this Court also has authority to entertain motions to augment the record as provided by Rule 30 after the case has been assigned to this Court. Moreover, if we were to accept Williams' interpretation, it would result in a lack of authority of this Court to entertain *any* motions. Idaho Appellate Rule 32(c), applicable to the Court of Appeals via Rule 101, allows any other motions permitted under the rules, other than a motion to dismiss, to be made at any time, before or after the case is set for oral argument. By way of that authority, this Court routinely rules on motions such as motions for continuance, motions regarding briefing (including motions to join briefing, file supplemental briefing, exceed the page limits, revise a brief, request an extension of time to file a brief, or request permission to file a late brief), motions to expedite the appeal, motions to withdraw as counsel, motions for a stay of proceedings, motions to augment the record, renewed motions to augment the record, and motions to allow or to vacate oral argument. Under the Idaho Appellate Rules, we have the authority to review and rule on motions made by a party *after* the case has been assigned to this Court.

In sum, we adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a

renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion.

Williams had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Williams' attempt to distinguish his case from *Morgan*, based on his appeal from the sentences, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

**C.     Probation Revocation and Review of Sentence in Docket No. 40077**

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Williams argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Williams' case. The record does not indicate that the district court abused its discretion in this case.

Therefore, the appeal from the order revoking probation in Docket No. 40078 is dismissed and the order revoking probation and directing execution of Willams' previously suspended sentence in Docket No. 40077 is affirmed.